IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CMH MANUFACTURING, INC.,
d/b/a CLAYTON HOMES-NORRIS and
CMH HOMES, INC.,
d/b/a CLAYTON HOMES OF ST. ALBANS #1030,

                Petitioners,

v.                                             CIVIL ACTION NO. 3:20-00387

SHELVA CARUTHERS and
JESSIE CARUTHERS,

                Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a "Complaint/Petition for Order to Compel Arbitration" filed by Petitioners CMH Manufacturing, Inc. and CMH Homes, Inc. *Pet. to Compel*, ECF No. 3. Even before filing their Petition, Petitioners filed a "Motion to Stay State Court Proceedings and/or for Other Relief Necessary to Protect Judgment of the Court" that remains pending. *Mot. to Stay*, ECF No. 1. Respondents Shelva Caruthers and Jessie Carthuers did not file a response to either filing, but the relevant legal issues are adequately presented to the Court by Petitioner's briefing and no further argument is necessary. For the reasons set forth below, the Court **GRANTS** the Petition to Compel Arbitration and **ORDERS** Respondents to submit all the claims set forth in their Complaint against Petitioners to arbitration. The Court further **DENIES** the Motion to Stay State Court Proceedings and **ORDERS** this case removed from its docket.

# I. BACKGROUND

This case arises out of Respondents' decision to purchase a new manufactured home from Petitioner CMH Homes on December 10, 2015. *Pet. to Compel*, at ¶ 1. They agreed to pay $138,456.70 for the home, and executed a Binding Dispute Resolution Agreement ("BDRA") as they did so. *Id.* at ¶ 6. The BDRA contained a "broad" arbitration clause, providing that "[t]he Parties agree to mandatory, binding arbitration . . . of all Claims that are not resolved in mediation."[1] *Ex. A-2*, ECF No. 3-1, at 9. The agreement further provided that "if [the] buyer does not understand any of the terms or provisions of this agreement, including advantages or disadvantages of arbitration, then [the] buyer should seek independent legal advice before signing." *Id.* at 12. Respondents nevertheless signed the agreement. *Id.*

Upon delivery of the home, Respondents received a manual containing a separate arbitration clause. *Inter alia*, this clause provided that "a[n]y dispute or claim relating to your home, including those relating to warranties, service work, design, manufacturing or construction, . . . shall be resolved by BINDING ARBITRATION." *Ex. A-3*, ECF No. 3-1, at 16. Respondents returned a receipt to Petitioners demonstrating that they had received the manual and desired to register their warranty. *See Ex. B-1*, ECF No. 3-2, at 6.

On March 27, 2020, Respondents filed a Complaint in the Circuit Court of Mason County, West Virginia against Petitioners and three other defendants. *Ex. C.*, ECF No. 3-3, at 2. They alleged that their home "did not conform to express and implied warranties" and sought revocation of the sales agreement. *Id.* They also requested compensatory, consequential, incidental, statutory, and punitive damages, as well as reasonable attorneys' fees and pre- and post-judgment interest. *Id.* at 25–26.

---

[1] The parties have already unsuccessfully mediated. *Mem. of Law*, ECF No. 2, at 4 n.1.

Petitioners waited until June 5, 2020 to file a Motion to Stay Respondents' ongoing case in the Circuit Court of Mason County. *See Mot. to Stay*, ECF No. 1. In their accompanying Memorandum of Law, Petitioners argue that this court should stay state court proceedings in light of the broad scope of the Federal Arbitration Act ("FAA"). *Mem. of Law*, ECF No. 2, at 2. They also filed a Petition for an Order to Compel Arbitration, to which they have attached several affidavits, agreements, and state court filings. *See generally* ECF No. 3-1–6. Respondents filed nothing in reply, but this background is nonetheless sufficient for the Court to turn to a review of the Motion and Petition.

## II. DISCUSSION

While the pending Petition and Motion are related, they raise two independent questions: first, whether the Court possesses the authority to compel arbitration, and second, whether that authority extends so far as to permit it to stay ongoing state court proceedings. The Court considers both issues in turn.

### A. Authority to Compel Arbitration

The FAA carries into effect a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). To this end, the FAA provides that

> [a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. This Court's jurisdiction does not appear to be in any serious dispute in this case; Petitioners are incorporated in Tennessee, where they maintain their principal place of business, and Respondents are residents of West Virginia. *Pet. to Compel*, at ¶¶ 3, 5. And as Petitioners note,

Respondents seek to recover the sale price of their home—$138,456.70—in addition to other damages, well in excess of the $75,000 jurisdictional floor established by 28 U.S.C. § 1332(a)(1).

Having established its jurisdiction over this matter, the Court turns to a consideration of the Petition's merits. Within the Fourth Circuit, a party may successfully compel arbitration where it can show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Petitioners have met their burden with respect to each factor. First, there is no doubt that a dispute exists between the parties—two simultaneous lawsuits is evidence enough of that. Second, both the BDRA and manual contain arbitration agreements broad enough to encompass all of Respondents' claims. The BDRA governs all "common law claims, contract and warranty claims, tort claims, [and] statutory claims" arising out of or relating to the home, and requires arbitration in those cases. *Ex. A-2*, at 9. The manual similarly requires Respondents to arbitrate "[a]ny dispute or claims relating to [the home], including those relating to warranties, service work, design, manufacturing or construction, whether based in contract, tort, or otherwise." *Ex. A-3*, at 16. Both clauses are sufficiently broad to encompass the claims Respondents have raised in state court. Third, the home at issue was manufactured in Tennessee, shipped to West Virginia, and purchased by Respondents. There thus exists a clear interstate relationship between the home's sale and interstate commerce, particularly in view of the "broad reach" of the FAA's "involving commerce" requirement. *See Glass v. Kidder Peabody & Co., Inc.*, 114 F.3d 446, 452 (4th Cir. 1997). Fourth and finally, Respondents unambiguously failed to arbitrate this dispute when they initiated a lawsuit in the Circuit Court of Mason County. The FAA

therefore compels the Court to order Respondents to submit all the claims set forth in their Complaint against Petitioners to arbitration in accordance with the BDRA and the manual pursuant to 9 U.S.C. § 4.

### B. Authority to Stay State Court Proceedings

While Petitioners are right to argue that they are entitled to arbitrate their claims, they are wrong to argue that this Court should—or even could—stay proceedings in the Circuit Court of Mason County. At the outset, the Court notes that any stay would be an extreme method of relief that would raise "serious concerns of federalism and comity." *United Serv. Prot. Corp. v. Lowe*, 354 F. Supp. 2d 651, 659 (S.D.W. Va. 2005). To this end, the Anti-Injunction Act provides that a federal court may stay proceedings in state courts only "as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these three exceptions applies here, and there is simply "no binding or persuasive authority suggesting that a district court must—or even may—grant a stay of *state* court proceedings in conjunction with a motion to compel arbitration under § 4 of the FAA."[2] *Galloway & Assocs., PLLC v. Fredeking & Fredeking Law Offices, LC,* No. 3:10-0830, 2010 WL 3955790, at *8 (S.D.W. Va. Oct. 8, 2010) (emphasis in original), *enforcement denied*, No. 3:10-0830, 2010 WL 4953573 (S.D.W. Va. Dec. 1, 2010).

Recognizing this unfavorable law, Petitioners urge the Court to consider the persuasive value of *Aptim Corporation v. McCall*, 888 F.3d 129 (5th Cir. 2018). In *Aptim*, the Fifth Circuit

---

[2] There is limited "authority supporting the proposition that this Court may issue an order enjoining a party to [an] action from *prosecuting* a claim in a parallel state court proceeding." *Galloway & Assocs., PLLC v. Fredeking & Fredeking Law Offices, LC,* No. 3:10-0830, 2010 WL 3955790, at *8 (S.D.W. Va. Oct. 8, 2010) (emphasis in original), *enforcement denied*, No. 3:10-0830, 2010 WL 4953573 (S.D.W. Va. Dec. 1, 2010). To the extent such authority exists, the Court has consistently declined to exercise it in similar cases. *See, e.g.*, *Canyon Sudar Partners, LLC v. Cole ex rel. Haynie*, No. 3:10-1001, 2011 WL 1233320, at *11 (S.D.W. Va. Mar. 29, 2011). Nothing about this case persuades the Court to depart from these sound decisions.

Court of Appeals affirmed a trial court's injunction staying state court proceedings under the Anti-Injunction Act's relitigation exception. *Id.* at 143. Specifically, it reasoned that

> [a] federal court that has entered a final judgment entitled to preclusive effect may, "to protect or effectuate its judgment[ ]," stay state-court proceedings *when it is clear that the state court ruling that would interfere with the enforcement of the federal court's judgment is not preclusive and is not entitled to full faith and credit.*

*Id.* (emphasis added). It is the italicized portion of this holding that is fatal to Petitioner's argument, as they have pointed to no state court ruling—preclusive or otherwise—that stands to interfere with this Court's judgment. Even taken for the persuasive authority that it is, *Aptim* is inapposite and does not alter the Court's fundamental judgment that none of the exceptions under the Anti-Injunction Act apply here.

To be very clear, none of this should be read to suggest that Respondents are somehow free to ignore the Court's order with respect to the Petition to Compel Arbitration; they have agreed to arbitrate their claims against Petitioners, and federal law requires that they do so. Yet the Court is confident that no injunction against state court proceedings is necessary to achieve this result, and fully expects that Respondents will cease their pursuit of those claims that are subject to arbitration posthaste.[3] Nevertheless, the Motion to Stay is denied.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition to Compel Arbitration, ECF No. 3, and **ORDERS** Respondents to submit all the claims set forth in their Complaint against Petitioners to arbitration in accordance with the BDRA and the manual pursuant to 9 U.S.C. § 4.

---

[3] As the Court has seen fit to note on similar occasions, "[n]othing in this Memorandum Opinion and Order should be interpreted . . . as preventing [Petitioners] from proceeding in [their] state action against those defendants who are not a party to this" action. *Canyon Sudar Partners, LLC*, 2011 WL 1233320, at *11.

The Court further **DENIES** the Motion to Stay State Court Proceedings, ECF No. 1, and **ORDERS** this action removed from its docket.

The Court **DIRECTS** the clerk to forward a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 20, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE