IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CMH MANUFACTURING, INC.,
d/b/a CLAYTON HOMES-NORRIS and
CMH HOMES, INC.,
d/b/a CLAYTON HOMES OF ST. ALBANS #1030,

        Petitioners,

v.                                                                                      CIVIL ACTION NO. 3:20-00387

SHELVA CARUTHERS and
JESSIE CARUTHERS,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court in light of representations made by Respondents' counsel via email that his clients were not served with process prior to entry of the Court's Memorandum Opinion and Order and Judgment Order. *Mem. Op. & Order*, ECF No. 5; *Judgment Order*, ECF No. 6. The Court requested briefing on this matter by Order entered July 31, 2020, and both parties filed briefs outlining their respective positions. For the reasons set forth below, the Court **VACATES** its July 20, 2020 Memorandum Opinion and Order and Judgment Order, and **ORDERS** that this case be returned to its active docket.

**I. BACKGROUND**

Confusion surrounding this issue stems from an email exchange with counsel on June 26, 2020, wherein Petitioners' counsel—Mr. Jason Stemple—averred that Respondents' counsel—Mr. Thomas Basile—had agreed to accept service on behalf of his clients and would "be sending the form to him today." Mr. Basile confirmed this representation, and noted that he

intended to file a response to Petitioners' Motion to Stay. Nearly a month later—and with no response filed—the Court entered judgment in this matter while under the impression that a waiver of service had been executed weeks prior.

On July 29, 2020, Mr. Basile alerted the Court via email that his "clients, Jessie and Shelva Caruthers, were never served with process in this case and issue was never joined." Though Mr. Stemple confirmed the gist of Mr. Basile's statement as a factual matter, he argued that "Mr. Basile agreed to waive service and that [Petitioners] ha[d] properly served the Petition." Rather than conduct further argument over email, the Court established a briefing schedule for the parties to lay out their respective positions. Petitioners filed their opening brief on August 5, 2020, *Pet. Br.*, EF No. 9, while Respondents filed their response brief on August 9, 2020, *Resp. Br.*, ECF No. 10. Petitioners followed with a reply brief. *Reply Br.*, ECF No. 12. The parties' briefing has adequately explained the relevant issues, and they are ripe for the review the Court now undertakes.

## II. DISCUSSION

While the parties (and, in particular, the petitioners) raise a wide range of largely factual arguments in support of their respective positions, one narrow question is enough to resolve this matter: whether Respondents agreed, at any point, to shorten the sixty-day window in which to serve an answer to the Petition. The answer is that they did not.

Rule 4(d) of the Federal Rules of Civil Procedure permits a party to waive service of summons when another party so requests. Consistent with this rule, Petitioners sent Mr. Basile—Respondents' counsel—a waiver of service form dated June 29, 2020. The form provided, in relevant part, that "I, . . . or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 6/29/2020, the date when this request was sent." *See Resp. Ex. 1*, ECF No. 11, at 2. Under the parties' proposed agreement, then, no answer would be due until

August 28, 2020. The question of the waiver's validity is therefore largely academic, because any judgment issued prior to this date is necessarily premature.[1]

Petitioners attempt to circumvent the agreement's express terms by relying on facts well outside the record that have no bearing on the instant matter. For example, in an attempt to establish Mr. Basile's role as Respondents' agent, Petitioners point to a four-year course of negotiation that cumulated in an unsuccessful mediation. *See Pet. Br.*, at 5–6. It may well be the case that Mr. Basile "has continually represented the [respondents] in this same dispute since November 29, 2016," but they present no case law suggesting that a history of continued representation somehow vitiates Rule 4 or the respondents' window to file an answer. The lack of any support for Petitioners' position is troubling; while they make general nods to the possibility of an implied waiver, they do not even attempt to argue that Respondents agreed to advance the date by which they would be required to file an answer. The Court well understands counsel's confusion following its June 26, 2020 email exchange with Mr. Basile, but his subsequent emails made clear what his briefing now makes even clearer: the Court's Memorandum Opinion and Order and Judgment Order were entered prior to even the hypothetical answer deadline, and were therefore premature. Given this clarity, a far more prudent decision would have been to accept Respondents' representations via email and to consent to vacatur of the Court's earlier judgment.[2]

In any event, the Court's conclusion is obvious. Mr. Basile did not file a valid waiver of service, and—even if it were valid under his implied authority to waive service—he never hinted

---

[1] Mr. Basile never filed the waiver, but Petitioners argue that his implied authority to waive service on behalf of his clients renders the unfiled waiver effective. Though an interesting question, it is simply irrelevant for present purposes. Even assuming that Mr. Basile had validly waived service—and this is no small assumption—there is no evidence that he waived any portion of his sixty-day period to file an answer.

[2] The Court does not believe that Petitioners' compliance with the Court's briefing Order of July 31, 2020 entitles Respondents to any fees or costs, however.

at the possibility of a shortened timeline to file an answer. While Respondents will bear a heavy burden in demonstrating that their claims are not subject to arbitration under federal law, that question is fit for resolution at a later stage of this litigation. It cannot be resolved before the procedural requirements of service are satisfied, and so the Court's prior opinion and judgment must be vacated.

### III. CONCLUSION

For the foregoing reasons, the Court exercises its authority pursuant to Rule 60(a) of the Federal Rules of Civil Procedure to **VACATE** the Memorandum Opinion and Order, ECF No. 5, and Judgment Order, ECF No. 6. The Court further **ORDERS** that this case be returned to its active docket.

The Court **DIRECTS** the clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 12, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE